**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5047**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

SHAUN DERRICK GODLEY,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan, Chief
District Judge.  (4:05-cr-00017)

---

Submitted:  November 14, 2007        Decided:  December 10, 2007

---

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Vidalia Patterson, Research and
Writing Specialist, Raleigh, North Carolina, for Appellant.  Anne
Margaret Hayes, Banumathi Rangarajan, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Shaun Derrick Godley pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2007). He received an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2007). Godley timely appealed.

Godley's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the ACCA enhancement violated his constitutional rights under Blakely v. Washington, 542 U.S. 296 (2004). Counsel states, however, that he has found no meritorious grounds for appeal. Godley filed a pro se supplemental brief asserting that he was denied effective assistance of counsel. Finding no meritorious grounds for appeal, we affirm.

Godley asserts that the ACCA enhancement violated his Sixth Amendment rights because his prior convictions, upon which the court based the enhancement, were not submitted to a jury, proved beyond a reasonable doubt, or admitted by him. This court rejected the same argument in United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir.), cert. denied, 546 U.S. 1010 (2005); see also United States v. Thompson, 421 F.3d 278, 283 (4th Cir. 2005), cert. denied, 547 U.S. 1005 (2006).

Godley also contends that the ACCA is unconstitutional after Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, and that Almendarez-Torres v. United States, 523 U.S. 224 (1998),

is no longer good law.  He relies in particular on Justice Thomas'

concurrence in <u>Shepard v. United States</u>, 544 U.S. 13, 26-28 (2005).

However, Justice Thomas' concurring opinion is of no precedential

value.  Godley acknowledges that his argument is foreclosed by

existing Supreme Court precedent and by this court's decision in

<u>Thompson</u>, but urges that the decision in <u>Thompson</u> be reconsidered

in light of Chief Judge Wilkins' dissent in that case.  However, a

panel of this court may not overrule a prior published decision of

the court.  <u>United States v. Ruhe</u>, 191 F.3d 376, 388 (4th Cir.

1999).

In accordance with <u>Anders</u>, we have reviewed the record in

this case and have found no meritorious issues for appeal.[*]

Accordingly, we affirm Godley's conviction and sentence.

This court requires that counsel inform Godley, in

writing, of the right to petition the Supreme Court of the United

States for further review.  If Godley requests that a petition be

filed, but counsel believes that such a petition would be

frivolous, then counsel may move in this court for leave to

withdraw from representation.  Counsel's motion must state that a

copy thereof was served on Godley.  We dispense with oral argument

because the facts and legal contentions are adequately presented in

---

[*]In his pro se supplemental brief, Godley argues that counsel was ineffective for failing to seek a downward departure under USSG §§ 5K2.12 or 5K2.13.  A defendant usually must bring ineffective assistance claims in a 28 U.S.C. § 2255 (2000) motion unless it conclusively appears from the record that counsel did not provide effective representation.  <u>United States v. Baldovinos</u>, 434 F.3d 233, 239 (4th Cir.), <u>cert. denied</u>, 546 U.S. 1203 (2006).  Here, no such error is apparent from our review of the record.

the materials before the court and argument would not aid the decisional process.

AFFIRMED